Ruffin, C. J.
 

 An action of detinue for a slave was instituted by Olive Green in her own name only, and, after
 
 *345
 
 the general issue pleaded, a motion was made to amend the writ and declaration by adding three other persons as joint plaintiffs with Olive Green, which was permitted by the Court. From that decision the defendant was allowed an appeal to this court. It has very often been mentioned by us, that this court could not undertake to revise an order, made in the exercise of a discretion of the Superior Court. The only question, therefore, is, whether' the' order, here complained of, be one oí that character, or one which the Superior Court had no power to make. The Revised Statutes c. 3, s. 1, gives the answer, in precise terms to that question. The words are, “that the court, in which any action shall be pending,
 
 shall have power
 
 to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms, as shall be just, at any time before judgment rendered thereon.” These terms are, if possible, still more comprehensive than those of the act of 1790, and confer'plenary authority, while a cause is pending, to make any and every amendment upon such terms as shall seem just tó' that court. But under the act of 1790, the decisions would have authorized the order made in this case, In
 
 Grandy v Sawyer, 2
 
 Hawks 61, the names of some plaintiffs were struck out and others inserted. In
 
 Wilcox
 
 &
 
 Co.
 
 v
 
 Hawkins,
 
 3 Hawks 84, the court said, that although this court could not allow the pleadings to be amended by inserting the names of the true members of a firm in the place of others, which had been put into the writ by mistake, yet such an amendment might have been made on a seasonable application to the court below. It must, therefore, be certified to the Superior Court, that there is no error in the order appealed from.
 

 Per Curiam, Ordered accordingly.